UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Amanda Joy McNamara, | Case No. 22-cv-47 (NEB/DJF) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO AMEND |
| Albert Kuehne, | |
| Defendant. | |

This matter is before the Court on Plaintiff Amanda Joy McNamara's Motion to Amend her Complaint to Include a Claim for Punitive Damages and to Redact Claims Dismissed by the Court and by Stipulation Between Counsel for Plaintiff McNamara and Defendant Kuehne ("Motion to Amend") (ECF No. 72). Plaintiff seeks to amend her First Amended Complaint (ECF No. 43) to: (1) withdraw Count III, which the Court dismissed on October 28, 2022 (ECF No. 71); (2) withdraw Count IV based upon the parties' agreement; and (3) add a punitive damages claim against Defendant for invasion of privacy (ECF No. 74 at 1–2). Defendant contests only Plaintiff's request to amend her complaint to add a punitive damages claim (ECF No. 78 at 1–2). Defendant argues the invasion of privacy claim under which Plaintiff seeks punitive damages is a claim for false light publicity, and that this tort is not recognized by Minnesota law. (*Id.*) Because the Court finds Plaintiff states a claim for relief and pleads an entitlement to punitive damages under Minnesota law, it recommends granting Plaintiff's Motion to Amend.

### I.   Plaintiff's Allegations

Plaintiff alleges that in the afternoon on March 25, 2020, she collided her vehicle into an embankment (Proposed Second Amended Complaint, ECF No. 75, Ex. C ¶ 11). Her significant

1

other at the time witnessed the accident in his vehicle and pulled over to the side of the road to assist Plaintiff. A Minnesota Department of Transportation employee who had been working nearby joined him. (*Id.* ¶¶ 12–13.) At 4:15 p.m., Defendant, a police officer, arrived at the site of the accident and inquired who was driving the vehicle at the time of the accident. (*Id.* ¶ 14.) Upon learning Plaintiff was the driver Defendant asked her to sit in the back of his squad car, as he believed she was impaired. (*Id.* ¶¶ 15, 18.) Shortly thereafter, a Hennepin County Medical Center ("HCMC") ambulance arrived and transported Plaintiff to the hospital. (*Id.* ¶ 17.)

At 4:44 p.m., Defendant accessed Plaintiff's phone without her permission and without a search warrant. (*Id.* ¶ 19.) Defendant searched Plaintiff's phone, found three nude photographs of Plaintiff, texted those photographs to his personal phone, and then deleted the text messages from Plaintiff's messages application. (*Id.* ¶¶ 20–21, 24–25, 28.) Plaintiff retrieved her phone from Defendant at 5:30 p.m., shortly after Defendant arrived at the hospital at with a search warrant for a blood draw. (*Id.* ¶¶ 22–23.) Plaintiff later discovered three nude photographs had been sent to an unidentified number through her "iCloud" application and reported to the Department of Public Safety ("DPS") that she believed Defendant sent the photos to his personal phone. A DPS investigation confirmed that Defendant in fact did send Plaintiff's nude photographs to his personal phone (*Id.* ¶¶ 24–28.)

The State brought charges against Defendant on June 23, 2020 in connection with this incident. The State charged Defendant with two counts of felony aggravated harassment in violation of Minn. Stat. § 609.749.3(a)(1). (*Id.* ¶ 30.) On June 10, 2021, Defendant pleaded guilty to nonconsensual dissemination of private sexual images in violation of Minn. Stat. § 617.261, subd. 1; and subd. 2(g). (*Id.* ¶ 31.)

Plaintiff now seeks civil damages against Defendant arising from the same conduct. Count IV of Plaintiff's First Amended Complaint asserts an invasion of privacy claim, which alleges Defendant transferred her nude photographs to himself without her consent or permission in reckless disregard of her dignity and self-worth, and that this was exacerbated by the fact that she was under his control incident to the arrest for impaired driving. (*Id.* ¶ 52.) Plaintiff asserts this invasion of her privacy caused her to suffer great mental harm. (*Id.* ¶ 53.) Significant for purposes of the Motion to Amend at issue here, Count III does not describe Plaintiff's invasion of privacy claim as a claim for damages arising from false light publicity. (*Id.* ¶¶ 50-54.)

## II.     Rule 15 Governs Plaintiff's Motion to Amend

Plaintiff assumes, without analysis, that Minn. Stat. § 549.191 applies to her Motion to Amend. (*See* ECF No. 74 at 4.) This statute establishes procedures for asserting punitive damages claims in Minnesota state court proceedings including, among other things, that the Plaintiff must file a supporting affidavit. Minn. Stat. § 549.191. Defendant does not discuss Plaintiff's application of the statute (*see generally* ECF No. 78), and does not argue Plaintiff failed in any way to meet the requirements of that provision.

The Court finds Minn. Stat. § 549.191 is inapplicable and instead reviews Plaintiff's Motion to Amend under Fed. R. Civ. P. 15, which governs the amendment of pleadings in federal court. Rule 15 states that the Court must "freely grant leave when justice so requires." Although this is a liberal standard, it does not give parties an absolute right to amend their pleadings. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). "A decision whether to allow a party to amend her complaint is left to the sound discretion of the district court." *Popaolii v. Correctional Medical Svcs.*, 512 F.3d 488, 497 (8th Cir. 2008). A district court appropriately denies the movant leave to amend if, after having reviewed the proposed amended complaint,

3

"there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

The Court previously held, and continues to hold, that Rule 15 applies to motions to add punitive damages claims arising under Minnesota law. *See Mathiason v. Shutterfly*, Court File No. 22-cv-1203 (DSD-DJF) (D. Minn. Jan. 30, 2023). Under the long-standing doctrine established in *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts sitting in diversity apply state substantive law and federal procedural law. *See also, e.g., Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427 (1996). "Because courts generally view pleading standards as procedural (i.e., how a plaintiff must plead a claim vis-à-vis what [s]he must show to prove it), federal courts apply those federal standards, regardless of whether the claim is under federal or state law." *Speed RMG Partners, LLC v. Arctic Cat Sales Inc.*, 20-cv-609-NEB-LIB, 2021 WL 7286933, at *3 (D. Minn. Aug. 6, 2021) (citing *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013)).

The question of whether Fed. R. Civ. P. 15 or Minn. Stat. § 549.191 applies to punitive damages claims arising under Minnesota law in federal court has not been decided conclusively, but the Court agrees with the careful analysis set forth in *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 15-md-2666-JNE-FLN, 2017 WL 5187832 (D. Minn. July 27, 2017) [hereinafter *In re Bair Hugger*]. As the Court explained in *Mathiason*:

> [*In re Bair Hugger*,] [c]iting the Supreme Court's decision in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), … considered first whether Rule 15 and Minn. Stat. § 549.191 govern the same subject matter, i.e., "answer the same question," in a way that conflicts; and second, whether Rule 15 constitutes a valid exercise of authority under the Rules Enabling Act. *In re Bair Hugger*, 2017 WL 5187832 at *3-4. Since both Rule 15 and Minn. Stat. § 549.191 establish a gatekeeping function over

4

> punitive damages claims and these rules are divergent, the court found that they do, indeed, conflict. *Id.* The court further found that Rule 15 is valid under the Rules Enabling Act since it does not "abridge, enlarge, or modify any substantive right." *Id.* at *4. In reaching this conclusion, the court observed that while Minn. Stat. § 549.191 establishes the procedure applicable to punitive damages claims in Minnesota courts, an entirely separate statutory provision, Minn. Stat. § 549.20, governs a plaintiff's substantive entitlement to punitive damages. *Id.* A plaintiff seeking punitive damages in federal court under a Minnesota statute must meet the substantive standards set forth at Minn. Stat. § 549.20 notwithstanding the applicability of Rule 15 as to the manner in which the claim is brought.

*Mathiason*, (ECF No. 40 at 5–6).

In the time since *In re Bair Hugger*, both the undersigned and the presiding District Judge in this action, as well as courts in this District in nearly every case have followed suit. *See, e.g.*, *Speed RMG Partners LLC*, 2021 WL 7286933, at *3; *Shank v. Carleton College*, 16-cv-1154-PJS-HB, 2018 WL 4961472 *4 (D. Minn. Oct. 15, 2018); *Russ v. Ecklund Logistics, Inc.*, 19-cv-2719-DSD-JFD, 2022 WL 856020, at *4 (D. Minn. Mar. 23, 2022); *Zimmerman v. Standard Ins. Co.*, 20-cv-1336-ECT-HB, 2021 WL 2419613, at *6 (D. Minn. May 25, 2021), *report and recommendation adopted*, 2021 WL 2418064 (D. Minn. June 14, 2021); *Darmer v. State Farm Fire & Cas. Co.*, 17-cv-4309-JRT-KMM, 2018 WL 6077985, at *2 (D. Minn. Nov. 21, 2018); *Selective Ins. Co. of South Carolina v. Sela*, 353 F. Supp. 3d 847, 855–863 (D. Minn. 2018) (holding that Rule 15 applies instead of Minn. Stat. § 604.18 and deeming the "District's [past] practice with respect to both punitive-damages and bad-faith claims … inconsistent with the general rule that federal pleading rules apply in federal court"). *But see Inline Packaging, LLC v. Graphic Packaging Int'l, LLC*, 15-cv-3183-ADM-LIB, 2018 WL 9919941, at *31 (D. Minn. Mar. 8, 2018) (holding that Rule 15 and Minn. Stat. § 549.191 do not conflict and that the latter controls). The Court accordingly applies Rule 15 to Plaintiff's Motion to Amend.

### III. Standard of Review

The Court must review Plaintiff's proposed amended complaint for futility by applying the applicable state substantive law. *See Russ*, 2022 WL 856020, at *5. "Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)).

Plaintiff's Motion to Amend arises under multiple statutes. First, to establish an entitlement to plead punitive damages, Plaintiff must plead a valid underlying cause of action. In this instance, Plaintiff pleads a common law invasion of privacy claim under Minnesota state law. (ECF No. 75, Ex. C ¶¶ 50–54.) Minnesota recognizes three versions of the common law invasion of privacy tort: (1) intrusion upon seclusion; (2) appropriation; and (3) publication of private facts. *Lake v. Wal-Mart Stores, Inc.*, 582 N.W.2d 231, 236 (Minn. 1998). Minnesota does not, however, recognize the tort of false light publicity. *Id.* Second, if Plaintiff pleads a valid underlying cause of action, to establish an entitlement to punitive damages, her complaint must establish "upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others." Minn. Stat. § 549.20.

### IV. Analysis

Defendant's sole argument in opposition to Plaintiff's Motion to Amend is that Plaintiff seeks punitive damages for the tort of false light publicity, which Minnesota law does not recognize. (ECF No. 78 at 1–2.) As evidence, Defendant points to Plaintiff's memorandum in support of her Motion to Amend, which asserts Defendant's "conduct has caused [her] embarrassment and humiliation and has placed her in a false public light." (ECF No. 74 at 4.)

Defendant conceded at the motion hearing that if Plaintiff did not limit her claim to the tort of false light publicity, her proposed amended complaint states an invasion of privacy cause of action.[1]

The Court reviews only Plaintiff's proposed amended complaint for futility; not the statements in her supporting memorandum. *See Selective Ins. Co. of South Carolina*, 353 F. Supp. 3d at 858–59 (explaining that when conducting a futility analysis under Fed. R. Civ. P. 15, "the court must restrict its analysis to the four corners of the (proposed) amended complaint"). Because Plaintiff's proposed amended complaint does not limit itself to the tort of false light publicity (ECF No. 75, Ex. C ¶¶ 50-54), the Court rejects Defendant's characterization of Plaintiff's invasion of privacy claim.

The Court next finds Plaintiff states a valid invasion of privacy claim. Indeed, *Lake*, the case Defendant cites in opposition to Plaintiff's Motion to Amend, all but confirms Plaintiff states a viable claim. In recognizing the torts of intrusion upon seclusion, appropriation, and publication of private facts, *Lake* held that the plaintiffs in that case stated claims for relief under each of these versions of the invasion of privacy tort. 582 N.W.2d at 233, 235. The allegations in *Lake* were strikingly similar to the facts alleged here. There, the plaintiffs alleged Wal-Mart photo center employees had stolen nude pictures of them without their knowledge and distributed the pictures in the community. *Id.*

Plaintiff does not allege Defendant distributed her photos, but that fact is immaterial to an intrusion upon seclusion claim. "Intrusion upon seclusion occurs when one 'intentionally intrudes physically or otherwise, upon the solitude or seclusion of another or [her] private affairs or concerns … if the intrusion would be highly offensive to a reasonable person." *Id.* at 233 (quoting

---

[1] Defendant qualified this concession by stating that Plaintiff would not be able to establish an invasion of privacy claim at summary judgment.

Restatement (Second) of Torts, § 652B (1977)). As the commentary to the Restatement explains, this form of invasion of privacy "does not depend upon any publicity given to the person whose interest is invaded or to [her] affairs. It consists solely of an intentional interference with [her] interest in solitude or seclusion, either as to [her] person or as to [her] private affairs or concerns, of a kind that would be highly offensive to a reasonable [person]." *Id.* at cmt. a.

Plaintiff's allegations—that Defendant abused his authority as a police officer to unlawfully searched Plaintiff's phone without a warrant, and that he sent Plaintiff's nude photos to his personal cell phone—are sufficient to allege an intentional interference with Plaintiff's interest in solitude or seclusion under *Lake*. Plaintiff accordingly states a valid claim for relief.

The Court also finds Plaintiff sufficiently pleads an entitlement to punitive damages. Plaintiff alleges Defendant pleaded guilty to criminal charges arising from the conduct at issue here. These allegations are more than sufficient to establish "upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights … of others." Minn. Stat. § 549.20. The Court finds Plaintiff's claim for punitive damages is not futile and recommends granting Plaintiff's Motion to Amend for these reasons.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Plaintiff Amanda Joy McNamara's Motion to Amend her Complaint to Include a Claim for Punitive Damages and to Redact Claims Dismissed by the Court and by Stipulation Between Counsel for Plaintiff McNamara and Defendant Kuehne (ECF No. [72]) be **GRANTED**.

Dated: February 6, 2023                    *s/ Dulce J. Foster*
                                                                       Dulce J. Foster
                                                                       United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).